# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD W. LANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-824-RWS |
| | ) | |
| FRANCES SLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on transfer from the United States District Court for the Southern District of Illinois [Doc. #5]. Plaintiff has filed a motion requesting in forma pauperis status [Doc. #2], which will be granted. In addition, and for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 680-82. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 681. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681-82. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id*.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of

2

the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff seeks relief in this action brought pursuant to 42 U.S.C. § 1983 for the violation of his Fourth, Sixth, and Fourteenth Amendment rights. The named defendants are Mayor Frances Slay, St. Louis Police Department, St. Louis City Court, and American Traffic Solutions, Inc. Plaintiff alleges that he was issued a red light camera citation on August 18, 2013, but claims that "[t]he close-up photo could have not been taken by a red light camera . . . [and] could only have been taken from the dash of a police car illegally spying on innocence [sic] citizens. The rest of the so called evidence was manufactured on a computer." Plaintiff further alleges that he pleaded not guilty to the misdemeanor and demanded a jury trial, but "[t]he judge of the St. Louis City Court denied [him] the right to a trial and demanded $100." Plaintiff summarily claims that "[t]he way the red light cameras are used is a violation of the 6th and 14th Amendments of the Constitution by concealing evidence as to who committed the offense." Plaintiff states that "this [is] an extortion racket to raise money," and he asks for an Order "ruling that such cameras be ruled unconstitutional." He also asks that the St. Louis City Court "be

declared unlawful and disband[ed] . . . and the judges be disbarred." He is demanding $7 million in damages.

## Discussion

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) defendant's alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). In the instant case, plaintiff has failed to allege any allegations against Mayor Francis Slay. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Because plaintiff has not set forth any facts indicating that the defendant Slay was directly involved in or personally responsible for the violation of his constitutional rights, the Court will dismiss this action as legally frivolous as to defendant Francis Slay.

This action will also be dismissed as to the St. Louis City Police Department and the St. Louis City Court, because these defendants are not suable entities under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (police departments are not suable entities under § 1983); *De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983); *Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427 (8th Cir. 1986) (courts are not "persons" for § 1983 purposes); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

In addition, plaintiff's vague and conclusory allegations against American Traffic Solutions, Inc., simply do not rise to the level of constitutional violations and fail to state a claim or cause of action under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth). And, to the extent that plaintiff is now seeking enforcement of or compliance with a Missouri state-court judgment, his remedies lie not in federal district court, but rather, with the Missouri state courts or the United States Supreme Court. Federal district courts are courts of original jurisdiction;

they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id*. For these reasons, the Court will dismiss this action pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for service of process [Doc. #3] is **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of July, 2015.

_____
**UNITED STATES DISTRICT JUDGE**